UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MAUREEN MAGNIFICO**, | ) | |
| | ) | |
| **Plaintiff,** | ) | **No: 22 CV 4255** |
| | ) | |
| vs. | ) | |
| | ) | |
| **PETE BUTTIGIEG, as Director of the Department of Transportation and The FEDERAL AVIATION OF TRANSPORTATION,** | ) ) ) ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**
**AS AND FOR A FIRST CAUSE OF ACTION**
**(DISCRIMINATION BASED UNDER THE REHABILITATION ACT)**

**NATURE OF ACTION**

Plaintiff brings this as an action under the Rehabilitation Act of 1992, 29 U.S.C. Section 791 et. seq., to correct the unlawful employment practices, on the basis of her disability and, to make the Plaintiff whole. **MAUREEN MAGNIFICO** ("MAGNIFICO" or "Plaintiff"). Defendant, **PETE BUTTIGIEG, as Director of the Department of Transportation and the FEDERAL AVIATION OF TRANSPORTATION** ("FAA" or "Defendant") discriminated against MAGNIFICO, a qualified individual with a disability, because of her disability

**JURISDICTION AND VENUE**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to 29 U.S.C. Section 791 of the Rehabilitation Act of 1992. Venue is proper in this District under 28 U.S.C. Section 1391 (b). The employment practices hereafter alleged to be unlawful were and are now being

committed in the Northern District of Illinois, Eastern Division.

## PARTIES

1. MAGNIFICO is an adult person and a resident of Cook County, State of Illinois.

2. MAGNIFICO is an employee of Defendant, FAA.

3. At all times relevant, the FAA, has been and is a Federal Agency of the Government and PETE BUTTIGIEG is the Director of the FAA.

4. FAA is an employer as that term is defined under the Rehabilitation Act been at all times material to the allegations herein.

5. MAGNIFICO has a permanent disability (Physical), in that she has a record of, or is regarded as having a physical impairment that substantially limits one or more of her major life activities.

## STATEMENT OF CLAIMS

6. Despite FAA listing itself as an equal employment company and having a policy against Discrimination to the disabled, FAA intentionally discriminated against MAGNIFICO because of MAGNIFICO's disability describer below.

7. MAGNIFICO is and was, disabled to the degree that substantially limits her ability to enjoy life, maintain a social life, or do work outside her house however she can perform the essential duties of his position.

8. MAGNIFICO had issues of a hostile work environment due to her disability (Physical) as follows:

   A. On multiple dates her supervisor was verbally harsh with her by telephone and yelled at her by email, including April 17, 2020; April 22, 2020; and April 24, 2020, when her supervisor screamed at her, stated she was on the verge of disciplinary action and accused her of being harsh and loud, yelling, and asking questions, before hanging up on her.

B. On April 17, 2020, during her mid-year review discussion, she was held responsible for your supervisor's failures regarding her responsibility to review and manage her workload and your supervisor did not speak to her OJT instructor prior to the review discussion.

C. Since April 22, 2020, management has failed to take appropriate action after she reported a hostile environment to your second level supervisor (initials J.H).

D. On May 1, 2020, she received a written reprimand which was included in her permanent personnel file.

E. On unspecified dates her supervisor failed to assign her work appropriately when no structure, mentoring, guidance, or oversight of her assignments was provided, and she was given short deadlines, the same number of assignments as a season inspector, and independent work, although you were still in the on the job training (OJT) program, which her supervisor did not participate in with her.

F. Her completion of OJT and related promotion is being withheld beyond the usual 52-week period and beyond the time of other trainees who have been passed.

G. She had not received the high pay band given to other trainees, some of whom have received a more desirable pay band regardless of their completion of OJT.

H. On or around November 6, 2020, her former supervisor (initials A.M.) did not provide her with a correct and accurate year end performance appraisal nor did she spend as much time in her evaluation meeting as she did with other employees, including male colleagues.

I. On unspecified dates and ongoing, A.M. treated her differently with regard to the terms and conditions of her employment, including, among other things, not checking in with you and your OJT/training and not discussing possible promotions with you.

9. FAA's act and omissions to act violate applicable provisions of the Rehabilitation Act.

10. The discriminatory action of FAA as set forth above has caused MAGNIFICO to suffer losses of earnings, and as a further proximate result of FAA's unlawful and intentional discriminatory actions against MAGNIFICO, as alleged above, MAGNIFICO has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and

emotional distress. As a result of such discrimination and consequent harm, MAGNIFICO has suffered such damages in an amount according to proof.

11. MAGNIFICO has no adequate remedy at law to secure relief. If this court does not enter an order for FAA to improve her working conditions.

12. MAGNIFICO filed a discrimination charge against FAA with the Equal Employment Opportunity (EEO). Those charges were timely filed.

13. On May12, 2022, MAGNIFICO was sent a notice from the FAA of a Final Agency Order and of his right to bring this action (see Exhibit "A"), and MAGNIFICO timely filed this action

## AS AND FOR A SECOND CAUSE OF ACTION
### (Title VII-SEX DISCRIMINATION)

### Nature of the Action

14. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1990, for the Defendant, FAA having subjected MAGNIFICO to sex discrimination by failure to treat her the same as male employees despite MAGNIFICO's complaints about same.

15. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

16. Defendant by its action or in actions of its agents treated MAGNIFICO differently than male employees in terms and conditions of employment, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

17. By reason of the sex discrimination of FAA, MAGNIFICO has suffered a loss of benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

18. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiff's protected rights.

### AS AND FOR A THIRD CAUSE OF ACTION
### (TITLE VII-RETALIATION)

19. MAGNIFICO realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

20. FAA or its agents have intentionally retaliated against MAGNIFICO, based upon filing of prior EEO complaints, all for Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.

21. By reason of the retaliation of FAA, MAGNIFICO has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by FAA to be in violation of Plaintiff's rights;

2. For injunctive relief, including but not limited to relief required to make Plaintiff whole for the losses caused by the violations of FAA;

3. For compensatory damages in an amount according to proof;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the

Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

    5. For such other and further relief as the court deems proper.

MAUREEN. MAGNIFICO

BY: **Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith
Attorney for Plaintiff
LAW OFFICES OF MICHAEL T. SMITH
10 N. Martingale Road, Suite 400
Schaumburg, Illinois 60173
(847) 466-1099